**UNITED STATES DISCTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY,<br><br>Interpleader Plaintiff,<br><br>vs.<br><br>TERRI JEANNETTE COUSINS, individually and as trustee of THE TERRI COUSINS FAMILY TRUST; JASON COUSINS; and DAVID GIBSON, as executor of the ESTATE OF PATRICIA COUSINS,<br><br>Interpleader Defendants. | Civil Action No. 4:26-cv-00088 |

**COMPLAINT-IN-INTERPLEADER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Interpleader Plaintiff American United Life Insurance Company ("AUL"), through its undersigned counsel and pursuant to Fed. R. Civ. P. 22, hereby submits this Complaint-in-Interpleader against Interpleader Defendants Terri Jeannette Cousins ("Terri"), individually and as trustee of The Terri Cousins Family Trust (the "Trust"); Jason Cousins ("Jason"); and David Gibson, as executor of the Estate of Patricia Cousins (the "Estate," and collectively with Terri, the Trust, and Jason, the "Interpleader Defendants"), as follows:

**PARTIES**

1. AUL is a corporation organized under the laws of the State of Indiana, with its principal place of business located in Indianapolis, Indiana. Accordingly, for subject matter

jurisdiction purposes, AUL is a citizen of the State of Indiana. AUL is, and at all relevant times was, authorized to transact business in the State of Texas.

2. Terri is a citizen of the State of Texas, and she has at all relevant times been domiciled in Dallas County, Texas. Terri is the appointed trustee of the Trust, and accordingly, the Trust is a citizen of the State of Texas. *See US Bank Nat'l Ass'n v. White*, No. 3:24-CV-1212-K-BN, 2025 WL 714250, at *2 (N.D. Tex. Feb. 10, 2025) ("When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, the trustee's citizenship controls, not the citizenship of the beneficiaries of the trust.").

3. Jason is a citizen of the State of Texas, and he has at all relevant times been domiciled in Grayson County, Texas.

4. At the time of her death, Patricia Cousins (the "Insured") was a citizen of the State of Texas, and she was domiciled in Grayson County, Texas. David Gibson is also a citizen of the State of Texas, and he is the appointed executor of the Estate. Accordingly, the Estate is a citizen of the State of Texas. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of the decedent shall be deemed to be a citizen of only the same State as the decedent . . . .").

## <u>JURISDICTION AND VENUE</u>

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between AUL and the Interpleader Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) – (2) because at least one Interpleader Defendant resides in this judicial district, and because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

7. On or around July 13, 2013, AUL issued a policy insuring the life of Patricia A. Cousins (defined above as the "Insured") in the face amount of $465,189.00—Policy No. 0720277360 (the "Policy").

8. In the original application that was incorporated as part of the Policy, Ron Cousins ("Ron"), the Insured's son, was designated as the Policy's owner.

9. Also in the original application that was incorporated as part of the Policy, Ron and Jason, the Insured's other son, were designated as the Policy's co-beneficiaries, with each individual designated to receive a 50% share of the Policy's death benefit.

10. The Policy was issued and delivered in the State of Texas.

11. On or around September 17, 2013, AUL received a Change of Ownership form, designating Ron and Jason as co-owners of the Policy.

12. By letter dated September 23, 2013, AUL acknowledged the ownership change described in the preceding paragraph.

13. On or around June 8, 2018, AUL received a Change of Ownership form, purportedly signed by Ron and Jason, designating Ron as the Policy's sole owner and Terri, Ron's spouse, as the Policy's contingent owner.

14. By letter dated June 19, 2018, AUL acknowledged the ownership change described in the preceding paragraph.

15. On or around November 29, 2018, Ron died. Following Ron's death, ownership of the Policy was transferred to Terri as the Policy's designated contingent owner.

16. On or around July 15, 2019, AUL received a Change of Beneficiary form designating Terri and Jason as the Policy's co-beneficiaries, with each individual designated to receive a 50% share of the Policy's death benefit.

17. By letter dated July 15, 2019, AUL acknowledged the beneficiary change described in the preceding paragraph.

18. On or around November 21, 2019, AUL received a Change of Beneficiary form designating the Trust as the Policy's beneficiary.

19. By letter dated January 13, 2020, AUL acknowledged the beneficiary change described in the preceding paragraph.[1]

20. On or around July 14, 2025, the Insured died.

21. At that time of the Insured's death, the Policy's death benefit totaled $715,012.38 (the "Policy Death Benefit"), consisting of the Policy's $465,189.00 face amount, plus $236,073.38 in paid-up additions, plus a premium refund of $13,750.00.

22. Following the Insured's death, Terri, in her capacity as trustee of the Trust, initiated a claim with AUL for the Policy's death benefit.

23. Also following the Insured's death, AUL received correspondence dated July 22, 2025, from attorney Joe Brown, advising of his representation of Jason and the Estate. Attorney Brown's correspondence further expressed concern relating to the validity of the beneficiary change in favor of the Trust, suggesting that Terri and the Trust were never the intended beneficiaries of the Policy. Attorney Brown's correspondence requested additional time to

[1] AUL acknowledged the beneficiary change approximately 53-days after receipt of the Change of Beneficiary form dated November 21, 2019, as AUL, per its standard protocol, required a copy of the applicable Trust agreement in order to process the requested change. AUL first received a copy of the Trust agreement in late December 2019, and AUL then acknowledged and recorded the beneficiary change on or about January 13, 2020.

investigate the validity of the beneficiary change in favor of the Trust, concluding: "In light of these concerns, and until we are able to answer these issues, you are advised of the potential claims of Jason Cousins and the Estate of Patricia Cousins and of course, the potential liability to the insurance company in releasing the proceeds to the exclusion of Jason Cousins and the Estate of Patricia Cousins."

24. Following receipt of Attorney Brown's correspondence, AUL allowed Jason and the Estate a courtesy period to further investigate their contentions and explore a resolution of their competing claims with Terri and the Trust. To date, the Interpleader Defendants have not resolved their competing claims to the Policy Death Benefit.

25. Accordingly, based upon the foregoing, AUL cannot determine without peril whether the proper Policy beneficiary is Terri, the Trust, Jason, and/or the Estate. As a result, AUL has been compelled to retain counsel and file the instant interpleader lawsuit.

## COUNT I

## INTERPLEADER TO DEPOSIT THE POLICY DEATH BENEFIT INTO THE REGISTRY OF THE COURT

26. AUL incorporates by this reference each preceding paragraph as if fully set forth herein.

27. AUL admits that the Policy Death Benefit is payable. However, due to the contest surrounding the proper beneficiary(ies) of the Policy as described above, AUL cannot determine without peril the proper beneficiary(ies) to whom said death benefit is owed.

28. AUL claims no beneficial interest in the Policy Death Benefit, and AUL is instead a mere stakeholder.

29. Unless the potentially conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, AUL may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Policy Death Benefit.

30. AUL is ready, willing, and able to pay the Policy Death Benefit into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

31. AUL is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against AUL for the recovery of any claim, in whole or in part, against the Policy and/or the Policy Death Benefit.

32. AUL should be discharged as a disinterested stakeholder with respect to the Policy, and AUL should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this interpleader action.

## PRAYER FOR RELIEF

WHEREFORE, AUL respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

1. That the Policy Death Benefit be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which Interpleader Defendants are rightfully entitled to the Policy Death Benefit;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, attorneys, representatives, and/or assigns, from instituting or maintaining any action in any court or forum against AUL for the recovery of any claim, in whole or in part, against the Policy

and/or the Policy Death Benefit;

4. That AUL be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Policy and/or the Policy Death Benefit, with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

5. That an award be made to AUL out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other expenses that AUL is compelled to expend in the prosecution of this lawsuit; and

6. That AUL be awarded such other and further relief as the Court may deem just and proper.

Dated: January 23, 2026

Respectfully submitted,

**MAYNARD NEXSEN, P.C.**

*/s/ Carlos R. Soltero*

Carlos R. Soltero
State Bar No. 00791702
csoltero@maynardnexsen.com
2500 Bee Caves Road
Building 1, Suite 150
Austin, Texas 78746
(512) 422-1559 Telephone
(512) 359-7996 Facsimile

Astrid E. Fuentes
State Bar No. 24138300
afuentes@maynardnexsen.com
5949 Sherry Lane
Suite 1200
Dallas, Texas 75225
(214) 239-2352 Telephone
(214) 239-2377 Facsimile

***Attorneys for Interpleader Plaintiff American United Life Insurance Company***